FILED

2009 DEC 28 AM 10: 07

CLERK US DIST... ...
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McNEIL, CDCR #E-59262, <br><br> Plaintiff, <br><br> vs. <br><br> MEL EPLY, Public Defender; JUDGE JUDITH N. KEEP; ARNOLD SWARTZENNEGGER; J. WALKER, <br><br> Defendants. | Civil No.   09-2485 BEN (CAB) <br><br> **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)** <br><br> [Doc. No. 3] |

James McNeil ("Plaintiff"), currently incarcerated at California State Prison, Sacramento ("SAC") in Represa, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.

While difficult to decipher, Plaintiff's Complaint seeks damages against his former public defender, a United States District Court Judge, the Governor of California and the Warden of SAC, as well as a court-ordered release from state prison and out-of-state parole "with no ties to law enforcement," based on alleged violations of his Seventh and Fourteenth Amendment rights during various San Diego Superior Court criminal proceedings dating as far back as 1984. (*See* Compl. at 2-7.)

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) at the time he filed his Complaint; nor did he submit a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Therefore, on December 1, 2009, the Court dismissed the action without prejudice pursuant to 28 U.S.C. § 1914(a), but granted Plaintiff 45 days leave to either pay the filing fee in full, or request IFP status. (*See* Dec. 1, 2009 Order [Doc. No. 2] at 2.)

On December 14, 2009, Plaintiff submitted a Motion to Proceed IFP [Doc. No. 3], to which the Court now turns.

## I.

## MOTION TO PROCEED IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (Under the PLRA, "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

/ / /

/ / /

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim.'" *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").[1]

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying § 1915(g), however, the court must conduct a "careful evaluation of the order dismissing an action, and other relevant information," before determining "that the action was dismissed because it was frivolous, malicious or failed to state a claim," since "[n]ot all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an

///

---

[1] The Ninth Circuit has held that § 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions that were not 'frivolous, malicious, or fail[ed] to state a claim' from proceeding IFP.").

arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.

### APPLICATION OF 28 U.S.C. § 1915(g)

The Court has carefully reviewed Plaintiff's Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice that Plaintiff James Roy McNeil, CDCR Inmate #E-59262, has had more than three prior prisoner civil actions dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *McNeil v. State of California, et al.*, Civil Case No. 05-07330-UA-RC (C.D. Cal. Dec. 20, 2005) (Order Denying Leave to File Action without Prepayment of Filing Fee and Dismissing Action as "legally and/or factually patently frivolous") [Doc. No. 7] (strike one);

2) *McNeil v. Eply, et al.*, S. D. Cal. Civil Case No. 08-2053 WQH (CAB), 2009 WL 435088 (Feb. 18, 2009) (Order Granting Motion to Proceed IFP, Denying Motion for Appointment of Counsel and Dismissing Civil Action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) [Doc. No. 6] (strike two);

3) *McNeil v Walker, et al.*, E.D. Cal. Civil Case No. 08-2234-SRT (April 3, 2009 Order Denying Request for Appointment of Counsel and Dismissing Complaint with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1), (2) [Doc. No. 17]); (May 21, 2009 Order Dismissing Action with prejudice for failure to comply with Court Order requiring amendment) [Doc. No. 19] (strike three);

4) *McNeil v. Internal Revenue Service*, E.D. Cal. Civil Case No. 08-2441-FCD-EFB (Dec. 4, 2008 Finding and Recommendations ("F&Rs") to Dismiss civil action as duplicative)[2] [Doc. No. 9]; (July 15, 2009 Order Adopting F&Rs and Dismissing Action) [Doc. No. 12] (strike four); and

5) *McNeil v. Swartzennegger, et al.*, S.D. Cal. Civil Case No. 09-1454 WQH (POR) (Aug. 19, 2009 Order Dismissing Civil Action as duplicative pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot) [Doc. No. 5] (strike five).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed informa pauperis is itself a matter of privilege and not right.").

## III.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 3], and **DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.

---

[2] In the Ninth Circuit, if a complaint "merely repeats pending or previously litigated claims," it may be dismissed as frivolous. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Plaintiff may no longer proceed IFP in any federal district or appellate court pursuant to 28 U.S.C. § 1915(a) while he is incarcerated unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: 12/25/09

HON. ROGER T. BENITEZ
United States District Judge